IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAUNCY CARTER,

        Plaintiff,

v.

JADDIE LAINE REICH and
JUDGE CHARLES VEARGAN,

        Defendants.

OPINION and ORDER

Case No. 18-cv-209-wmc

---

*Pro se* plaintiff Chauncy Carter filed this civil action pursuant to 42 U.S.C. § 1983 against defendants Jaddie Laine Reich and Judge Charles A. Yeargan, claiming that they violated his constitutional rights. While Carter paid the full $400 filing fee, the court conducted an initial review to determine whether subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). The court also reviewed the complaint for any claims that are obviously frivolous, malicious or devoid of merit. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (district court may dismiss fee-paid complaint if claims are "so attenuated and unsubstantial as to be absolutely devoid of merit") (citation omitted). In doing so here, the court is mindful that Carter is held to a "less stringent standard" in crafting pleadings as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under a relaxed pleading standard, however, this lawsuit must be dismissed for lack of subject matter jurisdiction.

OPINION

Carter's complaint contains very few allegations. He alleges that he is the father of a minor child born in 2016. He alleges that he was brought to court, where defendant Judge Yeargan relinquished physical custody of his child to the mother of his child, defendant Reich. While he does not explain the details about why his rights to physical custody were relinquished, he claims that this custody process violated his constitutional rights. However, his complaint must be dismissed because he does not identify a proper defendant and, regardless, the court cannot exercise jurisdiction over his claim.

As for Judge Yeargan, judges are immune even if their acts are "flawed by commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The Supreme Court has determined that, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). As such, Carter has no claim under § 1983 against Yeargan.

The same is true as to Reich, but for a different reason. To state a claim for relief under § 1983, a plaintiff must allege that he was deprived of a constitutional right by a person acting under color of state law. Here, however, Carter alleges only that he lost physical custody of his child to Reich, and he does not include any allegations suggesting that she was acting under color of state law. As such, Carter has not identified a proper defendant for his purported constitutional claim.

Even if Carter had named a proper defendant, the court could not exercise jurisdiction over his complaint about the custody placement.  Child custody decisions fall within the areas of family or domestic relations, which is exclusively governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern.").  Indeed, federal courts must refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court.  *Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Furthermore, lower federal courts are precluded by the *Rooker-Feldman* doctrine in certain respects from reviewing state-court judgments, such as a denial of visitation or a state-court-ordered injunction or restraining order.  The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court.  *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  For the most part, litigants who feel that a state court proceeding has violated their federal rights must assert those rights in state court and then appeal that decision through the state court system and, as appropriate, to the United States Supreme Court.  *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62

(7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-Feldman* to a Wisconsin child-custody decision). Because Carter is challenging only the legitimacy of the events surrounding the 2016 custody determination, he cannot proceed with his claims in federal court.

ORDER

IT IS ORDERED that:

1. This lawsuit is DISMISSED for lack of subject matter jurisdiction.

2. The clerk of court is DIRECTED to close this case.

Entered this 14th day of May, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge